```
                    UNITED STATES DISTRICT COURT

                          DISTRICT OF NEVADA

                                 * * *

UNITED STATES OF AMERICA,        )
                                 )
           Plaintiff,            )    3:12-CR-0058-LRH-WGC
                                 )
     v.                          )
                                 )    ORDER
F. HARVEY WHITTEMORE             )
                                 )
           Defendant.            )
                                 )
```

Before the court is the United States' combined motion in limine. Doc. #85.[1] Defendant F. Harvey Whittemore ("Whittemore") filed an opposition. Doc. #101.

**I.   Facts and Background**

In 2007, defendant Whittemore allegedly promised to raise $150,000 in campaign contributions for a candidate's re-election campaign for the United States Senate. To make good on his promise, Whittemore allegedly used employees of his real estate development company, various family members, and their spouses as conduit donors to the candidate's campaign in order to bypass the individual campaign contribution limits under federal law. Whittemore then allegedly transferred the combined contributions to the candidate's campaign committee.

In keeping with federal law, the campaign committee filed a required contribution report with the Federal Election Commission ("FEC") on April 15, 2007. This report allegedly contained

---

[1] Refers to the court's docket number.

false information identifying Whittemore's employees and family members, rather than Whittemore himself, as the source of the campaign funds.

On June 6, 2012, the Grand Jury returned a four (4) count indictment against defendant Whittemore charging him with: (1) making excessive campaign contributions in violation of 2 U.S.C. § 441a(a)(1) ("Count 1"); (2) making contributions in the name of another in violation of 2 U.S.C. § 441f ("Count 2"); (3) false statement to a federal agency in violation of 18 U.S.C. § 1001(a)(2) ("Count 3"); and (4) false statement to a federal agency in violation of 18 U.S.C. § 1001(a)(2) ("Count 4"). Doc. #1. Following the indictment, the United States' filed the present combined motion in limine. Doc. #85.

## II.  Discussion

In its motion in limine, the United States argues that two types of evidence are not relevant to the underlying charges and should be excluded from trial. *See* Doc. #85. First, the government seeks to exclude references to Political Action Committees ("PACs") and Super PACs, the amount of money raised by such entities, judicial opinions concerning federal campaign finance laws, and the United States Supreme Court's decision in *Citizens United v. Federal Election Commission*, 558 U.S. 310 (2010). Second, the government seeks to exclude references to Whittemore's business dispute with his former business partners, the Seenos.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. The determination of whether evidence is relevant to an action or issue is generally expansive and inclusive. *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384-87 (2008).

The court has reviewed the documents and pleadings on file in this matter and finds that evidence related to PACs and Super PACs, and related judicial opinions, including the *Citizens United* decision is not relevant to this action. In his opposition, Whittemore contends that such evidence is relevant to establishing his knowledge and understanding of the state of campaign

finance law in 2007 as well as explaining the intent and motives behind the monetary disbursements that are at the heart of this action. However, the court disagrees that the *Citizens United* decision, decided in 2010, along with other judicial opinions are relevant to Whittemore's knowledge and understanding of the state of campaign finance law in 2007. Further, Whittemore has not made any showing that the campaign finance rules that govern PACs and Super PACs are relevant to this action which covers conduct related to campaign contributions to an individual candidate's campaign committee. Therefore, the court shall grant the government's motion in limine as to this evidence.

In contrast, the court finds that evidence related to Whittemore's business dispute with the Seenos may be relevant to this action. In particular, the court finds that the business dispute may provide context for certain issues that have been raised by the parties including the chain-of-custody of certain evidence the government seeks to introduce at trial as well as the possession of the evidence since Whittemore's departure from WNG. Thus, the court shall deny the government's motion in limine as to this evidence. However, the court's order is limited to evidence relevant to the charges in the indictment and not all aspects of the Whittemore/Seeno dispute.

Finally, the court notes that this decision is made in a vacuum, without the benefit of any offers of proof or testimony presented to the court. As such, the court's findings are provisional and the court may entertain reconsideration of its rulings at trial when the court will have a better understanding of the specific evidence sought to be introduced and its relevance to this action.

IT IS THEREFORE ORDERED that the government's combined motion in limine (Doc. #85) is GRANTED in-part and DENIED in-part in accordance with this order.

IT IS SO ORDERED.

DATED this 9th day of May, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3