UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

UNITED STATES OF AMERICA,

    Plaintiff,

v.

F. HARVEY WHITTEMORE

    Defendant.

3:12-CR-0058-LRH-WGC

ORDER

Before the court are defendant F. Harvey Whittemore's ("Whittemore") motion in limine regarding the subjective state of mind of the third-party campaign contributors (Doc. #80[1]); motion in limine re charitable donations and/or disgorgement of campaign contributions (Doc. #82); motion in limine to permit evidence of spoliation of exculpatory evidence (Doc. #84); motion in limine to admit evidence of the government's prior investigation (Doc. #93); and motion in limine to permit evidence of witness intimidation (Doc. #97). The United States filed oppositions to the motions to which Whittemore replied.

**I.**    **Facts and Background**

In 2007, defendant Whittemore allegedly promised to raise $150,000 in campaign contributions for a candidate's re-election campaign for the United States Senate. To make good on his promise, Whittemore allegedly used employees of his real estate development company, various

---

[1] Refers to the court's docket number.

family members, and their spouses as conduit donors to the candidate's campaign in order to bypass the individual campaign contribution limits under federal law. Whittemore then allegedly transferred the combined contributions to the candidate's campaign committee.

In keeping with federal law, the campaign committee filed a required contribution report with the Federal Election Commission ("FEC") on April 15, 2007. This report allegedly contained false information identifying Whittemore's employees and family members, rather than Whittemore himself, as the source of the campaign funds.

On June 6, 2012, the Grand Jury returned a four (4) count indictment against defendant Whittemore charging him with: (1) making excessive campaign contributions in violation of 2 U.S.C. § 441a(a)(1) ("Count 1"); (2) making contributions in the name of another in violation of 2 U.S.C. § 441f ("Count 2"); (3) false statement to a federal agency in violation of 18 U.S.C. § 1001(a)(2) ("Count 3"); and (4) false statement to a federal agency in violation of 18 U.S.C. § 1001(a)(2) ("Count 4"). Doc. #1. Following his indictment, Whittemore filed the various motions in limine. Doc. ##80, 82, 84, 93, 97.

**II.     Legal Standard**

A motion in limine is used to preclude prejudicial or objectionable evidence before it is presented to the jury. Stephanie Hoit Lee & David N. Finley, *Federal Motions in Limine* § 1:1 (2012). The decision on a motion in limine is consigned to the district court's discretion–including the decision of whether to rule before trial at all. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (noting that a court may wait to resolve the evidentiary issues at trial, where the evidence can be viewed in its "proper context"). Motions in limine should not be used to resolve factual disputes or to weigh evidence, and evidence should not be excluded prior to trial unless "the evidence [is] inadmissible on all potential grounds." *See, e.g., Indiana Insurance Co. v. General Electric Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). Even then, rulings on these motions are not binding on the trial judge, and they may be changed in response to developments at trial. *See Luce v. United States*, 469 U.S. 38, 41 (1984).

Generally, all relevant evidence is admissible. FED. R. EVID. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. The determination of whether evidence is relevant to an action or issue is expansive and inclusive. *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384-87 (2008). However, the court may exclude otherwise relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice. FED. R. EVID. 403. Evidence may be excluded when there is a significant danger that the jury might base its decision on emotion or when non-party events would distract reasonable jurors from the real issues in a case. *See Tennison v. Circus Circus Enterprises, Inc.*, 244 F.3d 684, 690 (9th Cir. 2001); *U.S. v. Layton*, 767 F.2d 549, 556 (9th Cir. 1985).

**III.    Motion in Limine Regarding the Subjective State of Mind of the Third-party Campaign Contributors (Doc. #80)**

In this motion, Whittemore seeks to exclude evidence of the state of mind of his alleged conduit donors. In particular, Whittemore asks the court to exclude these donors' testimony that they felt pressured or in some way compelled by Whittemore to donate to the campaign as irrelevant and unfairly prejudicial.

Specifically, Whittemore argues that the donors' "subjective feelings" are irrelevant because they "have no factual support regarding actual conduct by [Whittemore] that may have any bearing on the case." Doc. #80, p. 6:12-13. But, as the government points out, Whittemore's intent behind the alleged transfers of money to the conduit donors is directly at issue under Count 2, making campaign contributions in the name of another in violation of 2 U.S.C. § 441f. Therefore, testimony that the donors felt pressured or compelled to donate after receiving money from Whittemore is relevant to the issue of Whittemore's intent.

Whittemore further argues that these subjective impressions are irrelevant because these impressions are not based upon a proper foundation. However, a witness's testimony as to his or her own feelings—discomfort, for instance—does not require the witness to lay a foundation

3

justifying these feelings. By definition, testimony about such feelings is well-founded because it is based on "personal knowledge." Fed. R. Evid. 602. And to the extent such testimony expresses an opinion about Whittemore's intent, this testimony is admissible so long as it is (1) rationally based on the witness' perceptions, (2) helpful to the finder of fact, and (3) not based on scientific, technical or other specialized knowledge. Fed. R. Evid. 701. At this stage, the court cannot conclude that all such testimony by all the alleged conduit donors is not "rationally based on the [donor's] perceptions." *See United States v. Yeung*, 468 F. App'x 692, 693 (9th Cir. 2012) (admitting "a witness's lay opinion regarding his understanding of statements made during a conversation with [the defendant] because such testimony was rationally based on the perception of the witness and helpful to the jury."); *see also* Fed. R. Evid. 701, advisory committee notes (noting that Rule 701 testimony includes testimony that "results from a process of reasoning familiar in everyday life").

Finally, Whittemore claims that the probative value of the alleged conduit donors' testimony is substantially outweighed by the risk of unfair prejudice. *See* Fed. R. Evid. 403. Whittemore points to illicit inferences that the jury, in light of the donors' testimony, may make based on "some unknown objective conduct of [Whittemore's]." Doc. #80, p.7:14. Yet Rule 403's standard contemplates evidence that "appeals to emotion in ways that seem likely to overpower reason" or evidence likely to be misused for an improper purpose. Christopher B. Mueller & Laird C. Kirkpatrick, 1 *Federal Evidence* § 4:13 (3d ed. 2012). Here, the potential testimony is rationally related to Whittemore's alleged participation in a crime, and cross-examination will serve as an effective check to dispel illicit inferences. Therefore, exclusion under 403 is inappropriate. Accordingly, the court shall deny this motion in limine.

**IV.    Motion in Limine re Charitable Donations and/or Disgorgement of Campaign Contributions (Doc. #82)**

In this motion, Whittemore seeks to exclude testimony regarding what the donee campaign (or campaigns) did with his donations once it (or they) found out that Whittemore was under

4

investigation for violating campaign finance laws. The government has responded that it does not intend to present such evidence at trial. Accordingly, the court shall deny this motion in limine as moot.

**V.     Motion in Limine to Permit Evidence of Spoliation of Exculpatory Evidence (Doc. #84)**

In this motion, Whittemore seeks to introduce evidence that his former business partners, the Seenos, destroyed evidence which was exculpatory in nature. Whittemore claims that he, and his counsel, "have thoroughly examined all of the returned materials and have determined that various documents of an obviously exculpatory nature . . . which were previously within his private office at Wingfield Nevada Group . . . are now missing" and, as such, he seeks an inference that this evidence would have been unfavorable to the government. Doc. #84.

Initially, the court notes that the concept of spoliation in the criminal context only relates to the government's duty to preserve evidence in its possession. Here, it is undisputed that the government preserved all evidence in its possession and the government cannot be accountable for any actions taken by the Seenos.

Second, Whittemore does not identify or describe the nature of the evidence he claims is missing. Absent some showing as to what the evidence is and that it was in the Seenos possession, the court cannot grant Whittemore's request. Accordingly, the court shall deny this motion.

**VI.    Motion in Limine to Admit Evidence of the Government's Prior Investigation of Mr. Whittemore (Doc. #93)**

In this motion, Whittemore seeks a ruling to permit testimony of an FBI investigation in 2008. Whittemore contends that this investigation is relevant to the issues of whether he had knowledge his conduct was unlawful. The court disagrees. The fact that there was a prior investigation concerning Whittemore in 2008 does not relate to the underlying charges of using conduits to make campaign contributions. Accordingly, the court shall deny this motion in limine.

**VII.   Motion in Limine to Permit Evidence of Witness Intimidation (Doc. #97)**

In his final motion, Whittemore requests permission to admit evidence that government

1 agents intimidated potential witnesses by threatening them with criminal prosecution. Whittemore
2 argues that witness intimidation is relevant both to establish witness bias and to establish bias on
3 the part of the government agents. In response, the government contends that (1) most of the
4 witnesses are "favorable" to Whittemore, (2) the witnesses did not mention that they were
5 intimidated when they testified in front of the grand jury, and (3) testimony as to the agents' bias is
6 irrelevant unless the agents' credibility is at issue.

7 The government's first two arguments are not persuasive. Evidence tending to show witness
8 bias is typically admissible in a criminal trial. *United States v. Abel*, 469 U.S. 45, 52 (1984) ("Proof
9 of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has
10 historically been entitled to assess all evidence which might bear on the accuracy and truth of a
11 witness' testimony."). Whether the government thinks a witness is predisposed to be "favorable" to
12 the defendant does not thereby eliminate the defendant's opportunity to show that the witness'
13 testimony is biased against him. *See United States v. Collins*, 551 F.3d 914, 925 (9th Cir. 2009)
14 ("Cross-examination affords an opportunity to demonstrate an adverse witness' potential biases and
15 motivations."). Furthermore, the fact that a witness failed to volunteer certain facts during grand
16 jury testimony does not remove such facts from the ambit of cross-examination. As Whittemore
17 points out, grand jury proceedings do not subject a witness' testimony to the "crucible" of cross-
18 examination, and therefore witness bias may remain unexplored in such proceedings. Thus,
19 Whittemore may admit evidence of witness intimidation for the purpose of revealing witness bias.

20 The government's third argument, whether Whittemore may introduce such evidence for the
21 purpose of revealing agent bias, is a closer question. Whittemore relies on *United States v. Fieger*,
22 2008 WL 996401, *3 (E.D. Mich. Apr. 8, 2008), a case featuring similar criminal charges, for the
23 proposition that witness testimony as to agent bias is admissible. However, *Fieger* addressed agent
24 bias as it related to the agent's credibility, not as it related to (for instance) the agent's decision to
25 target the defendant for investigation. Therefore, Whittemore's proposed questioning risks an
26 impermissible (and irrelevant) foray into government misconduct. Since the court cannot

6

appropriately gauge the magnitude of this risk outside of the "proper context" of trial, *see Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993), a final ruling at this stage is premature. However, since the government avers that it will not call as witnesses the agents in question, the court denies Whittemore's motion as to agent bias as moot.

**VIII.   Conclusion**

As a final remark, the court notes that this order is made in a vacuum, without the benefit of testimony presented at trial. As such, the court's findings are provisional and the court may entertain reconsideration of its rulings at trial when the court will have a better understanding of the specific evidence sought to be introduced and its relevance to this action.

IT IS THEREFORE ORDERED that defendant's motions in limine (Doc. ##80, 82, 84, 93) are DENIED.

IT IS FURTHER ORDERED that defendant's motion in limine (Doc. #97) is GRANTED in-part and DENIED in-part in accordance with this order.

IT IS SO ORDERED.

DATED this 10th day of May, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE