UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 3:12-CR-0058-LRH-WGC |
| v. | |
| F. HARVEY WHITTEMORE | ORDER |
| Defendant. | |

Before the court is defendant F. Harvey Whittemore's ("Whittemore") motion to exclude or limit "other acts" evidence, or in the alternative, for a separate trial of Count 4 of the Indictment. Doc. #120.[1] The United States has filed an opposition. Doc. #136.

## I.   Facts and Background

In 2007, defendant Whittemore allegedly promised to raise $150,000 in campaign contributions for a candidate's re-election campaign for the United States Senate. To make good on his promise, Whittemore allegedly used employees of his real estate development company, various family members, and their spouses as conduit donors to the candidate's campaign in order to bypass the individual campaign contribution limits under federal law. Whittemore then allegedly transferred the combined contributions to the candidate's campaign committee.

---

[1] Refers to the court's docket number.

In keeping with federal law, the campaign committee filed a required contribution report with the Federal Election Commission ("FEC") on April 15, 2007. This report allegedly contained false information identifying Whittemore's employees and family members, rather than Whittemore himself, as the source of the campaign funds.

On June 6, 2012, the Grand Jury returned a four (4) count indictment against defendant Whittemore charging him with: (1) making excessive campaign contributions in violation of 2 U.S.C. § 441a(a)(1) ("Count 1"); (2) making contributions in the name of another in violation of 2 U.S.C. § 441f ("Count 2"); (3) false statement to a federal agency in violation of 18 U.S.C. § 1001(a)(2) ("Count 3"); and (4) false statement to a federal agency in violation of 18 U.S.C. § 1001(a)(2) ("Count 4"). Doc. #1. Following his indictment, Whittemore filed the present motion to exclude or limit "other acts" evidence, or in the alternative, for a separate trial of Count 4 of the Indictment. Doc. #120.

**II.   Discussion**

In his motion, Whittemore seeks an order from the court either (1) excluding "other acts" evidence, or (2) bifurcating this action and having a separate trial on Count 4. *See* Doc. #120. The court shall address both arguments below.

**A.  Motion to Exclude**

The United States has notified Whittemore and the court of its intention to introduce "other acts" evidence pursuant to Federal Rule of Evidence 404(b).[2] *See* Doc. #87. In response, Whittemore filed the present motion arguing that the "other acts" evidence identified by the United States should be excluded because it is unfairly prejudicial under Federal Rule of Evidence 403. *See* Doc. #120. Rule 403 provides in pertinent part that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by . . . unfair prejudice." FED. R. EVID. 403.

---

[2] Rule 404(b) provides that "[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith [but it] may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." FED. R. EVID. 404(b).

2

1  Whittemore contends that the "other acts" evidence identified by the government is highly
2  prejudicial to his defense because it would allow the jury to infer his guilt simply based on similar
3  acts and not the acts charged in the indictment.

4  In opposition, the United States argues that the "other acts" evidence is highly probative of
5  Whittemore's intent and makes it more probable than not that he asked the conduits to make
6  political contributions he or she would not otherwise have made without the defendant providing
7  money to cover the contributions. *See* FED. R. EVID. 401 (stating the evidence is relevant if it has
8  "any tendency to make the existence of any fact that is of consequence to the determination of the
9  action more probable or less probable than it would be without the evidence."). Further, the mere
10 fact that these contributions spanned a number of years makes it more probable than not that
11 Whittemore's conduct was not just a one-time mistake, but was part of a pattern of conduct that
12 portrayed a plan, scheme and common practice.

13 The court has reviewed the documents and pleadings on file in this matter and agrees that
14 the "other acts" evidence is probative of Whittemore's intent, knowledge, and absence of mistake
15 or accident which are appropriate bases to admit such "other acts" evidence. *See* FED. R. EVID.
16 404(b). Further, the court finds that the prejudicial effect of this evidence is substantially
17 outweighed by its probative value as the evidence is highly probative to Whittemore's intent,
18 knowledge, and absence of mistake and is not inflammatory or likely to confuse the jury. Moreover,
19 Rule 404(b) is a "rule of inclusion - not exclusion." *United States v. Curtin*, 489 F.3d 935, 944 (9th
20 Cir. 2007); *see also*, *United States v. McKoy*, 771 F.2d 1207, 1213 (9th Cir. 1985) (holding that
21 other acts evidence is generally admissible "except where the evidence proves only the defendant's
22 criminal disposition."). Accordingly, the court shall deny the motion to exclude the United State's
23 identified "other acts" evidence.

24 **B.  Separate Trial**

25 Whittemore argues that if the court denies his request to exclude the "other acts" evidence
26 then, in the alternative, the court should sever Count 4 from the Indictment and schedule a separate

trial on that issue pursuant to Rule 14 of the Federal Rules of Criminal Procedure. *See* Doc. #120.

Federal Rule of Criminal Procedure 14 provides that a district court may sever offenses or defendants if their joinder becomes prejudicial to the defendant. Fed. R. Crim. P. 14; *see also United States v. Gruttadauria*, 439 F. Supp, 2d 240, 253 (E.D. N.Y. 2006). A key factor in determining whether the risk of prejudice in a single trial of multiple counts is too great is the extent to which evidence offered as to one count would not be properly admissible for the purpose of proving another count because there is the inherent danger of jury confusion or other "spillover" effects. *See e.g., United States v. McCarter*, 316 F.3d 536, 539-40 (5th Cir. 2002).

Here, because the court has found that the "other acts" evidence is relevant and probative, there is no basis to sever Count 4 from this action and the defendant's motion shall be denied as moot.

IT IS THEREFORE ORDERED that defendant's motion to exclude (Doc. #120) is DENIED.

IT IS FURTHER ORDERED that defendant's motion for severance is DENIED as moot.

IT IS SO ORDERED.

DATED this 10th day of May, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE