1
2
3
4
5
6                          UNITED STATES DISTRICT COURT
7                              DISTRICT OF NEVADA
8                                    * * *

9   UNITED STATES OF AMERICA,        )
                                     )
10                 Plaintiff,         )          3:12-CR-0058-LRH-WGC
                                     )
11    v.                             )
                                     )          ORDER
12   F. HARVEY WHITTEMORE,           )
                                     )
13                 Defendant.        )
     _____ )
14

15         Before the court is the United States' motion to reconsider the court's December 31, 2013

16   order granting defendant F. Harvey Whittemore's ("Whittemore") motion for release pending

17   appeal (Doc. #233[1]). Doc. #235. Whittemore filed an opposition (Doc. #236) to which the United

18   States replied (Doc. #237).

19   **I.      Facts and Procedural Background**

20         In 2007, defendant Whittemore promised to raise $150,000 in campaign contributions for

21   United States Senator Harry Reid's re-election campaign for the United States Senate. To make

22   good on his promise Whittemore personally funded over $133,000 through twenty-nine employees

23   of his real estate development company, various family members, and their respective spouses as

24   conduit donors to the Senator's campaign in order to bypass the individual campaign contribution

25   limits under federal law.

26
     _____
          [1] Refers to the court's docket number.

On June 6, 2012, the Grand Jury returned a four (4) count Indictment against defendant Whittemore charging him with: (1) making excessive campaign contributions in violation of 2 U.S.C. § 441a(a)(1) ("Count 1"); (2) making contributions in the name of another in violation of 2 U.S.C. § 441f ("Count 2"); (3) false statement to a federal agency in violation of 18 U.S.C. § 1001(a)(2) ("Count 3"); and (4) false statement to a federal agency in violation of 18 U.S.C. § 1001(a)(2) ("Count 4"). Doc. #1.

On May, 29, 2013, after a two-week jury trial, the jury convicted Whittemore of Counts 1 through 3 of the Indictment. Doc. #163. However, the jury deadlocked on Count 4 and the court ultimately declared a mistrial on that count. *Id*.

On September 30, 2013, Whittemore was sentenced to twenty-four (24) months incarceration, but was granted until January 31, 2014, to self-surrender. *See* Doc. ##210, 213. Whittemore subsequently appealed both his conviction and sentence. Doc. #208. Along with his notice of appeal, Whittemore filed a motion for release pending his appeal (Doc. #227) which was granted by the court (Doc. #233). Thereafter, the government filed the present motion for reconsideration of the court's order. Doc. #235.

**II.    Discussion**

In its motion, the government contends that reconsideration of the court's order granting Whittemore's release is warranted because the underlying basis for the court's order granting his release no longer exists. *See* Doc. #235. In particular, the government argues that with the recent decision in *McCutcheon v. Federal Election Commission*, S. Ct. No. 12-536, 572 U.S. ____ (2014), Whittemore's appeal fails to raise any substantial questions that are likely to result in a reversal or a new trial, and as such, his release is no longer warranted.

In his opposition, Whittemore raises two arguments. *See* Doc. #236. First, Whittemore contends that the court is without jurisdiction to consider the present motion for reconsideration. Second, Whittemore argues that regardless of the Supreme Court's decision in *McCutcheon*, his appeal raises sufficient substantial questions to continue his release during the pendency of his

2

1   appeal. The court shall address both arguments below.

2       **A.  Jurisdiction**

3       Whittemore argues that the court is without jurisdiction to consider the present motion

4   because the court's order constituted a final order by the court, and therefore, the government can

5   only seek review of that order with the Ninth Circuit in accordance with Rule 9(b) of the Federal

6   Rules of Appellate Procedure. *See* Doc. #236.

7       The court has reviewed the documents and pleadings on file in this matter and finds that the

8   court has jurisdiction over the present motion. First, Rule 9(b) does not preclude a party from

9   seeking reconsideration of an order concerning release of a defendant with the district court, nor

10  does the rule require review with the Ninth Circuit. *See* FED. R. APP. P. Rule 9(b) ("A party . . . *may*

11  obtain review of a district court order regarding release after a judgment of conviction by filing a

12  notice of appeal . . . .") (emphasis added). Second, even after a conviction and appeal, a district

13  court retains jurisdiction over the person of the defendant for "the limited purposes of reviewing,

14  altering or amending the conditions under which the court released the defendant, and is

15  empowered to revoke or forfeit the defendant's bond during the pendency of an appeal for any of

16  the reasons which would have supported an initial denial of the defendant's application for

17  release." *United States v. Black*, 543 F.2d 35, 37 (7th Cir. 1976). Several district and appellate court

18  cases are in align. *See e.g., United States v. Bascue*, 1996 U.S. Dist. LEXIS 1919 (D. Ore. 1996)

19  (reconsidering its prior order of release pending defendant's appeal); *United States v. Spadoni*,

20  2012 U.S. Dist. LEXIS 46956, *3 (D. Conn. 2012) ("Simply put, a district court is not divested of

21  jurisdiction to issue orders concerning custody or release of a defendant while his conviction is on

22  appeal."); *Stein v. Wood*, 127 F.3d 1187, 1190 (9th Cir. 1997) ("[A] district court retains

23  jurisdiction to issue orders regarding the custody . . . [of a defendant] even after an appeal has been

24  taken."). Thus, the court retains jurisdiction over Whittemore's release status during the pendency

25  of his appeal and the court may consider any motion that would effect his release status, including

26  the present motion for reconsideration.

3

**B.  Substantial Questions on Appeal Post *McCutcheon***

In its order granting Whittemore's motion for release pending appeal, this court noted that it had already considered and rejected the prospective appellate issues raised by Whittemore and expressed its opinion that Whittemore was not likely to be successful on appeal. However, the court noted that there could possibly be a change of law based on the pending Supreme Court decision in *McCutcheon*. The question pending in the *McCutcheon* case was whether aggregate contribution limits to candidates was unconstitutional. Although *McCutcheon* did not involve the provisions of law as are involved in this action, the court found that it was reasonably foreseeable that the Supreme Court could rule in a broad fashion which may have been favorable to Whittemore's appeal. It was principally on that possible ruling that the court found that Whittemore's appeal raised a substantial question warranting release.

Since the court's order of release, the Supreme Court has rendered its decision in *McCutcheon* on April 2, 2014. In that decision, the Supreme Court struck down the aggregate limits on campaign contributions but expressly declined to extend its ruling to individual contribution limits and noted that "[t]his case does not involve any challenge to the base limits, which we have previously upheld as serving the permissible objective of combating corruption." *McCutcheon*, 572 U.S. ____, *3. Thus, post-*McCutcheon*, the individual campaign contribution limits that Whittemore is convicted of having violated remain fully enforceable and constitutional. Therefore, in light of *McCutcheon* and the government's motion for reconsideration, the court must now reexamine its decision to release Whittemore pending his appeal.

Release pending appeal is governed by the Bail Reform Act of 1984 and in particular 18 U.S.C. § 3143(b). That section provides in pertinent part that the court *shall* order the incarceration of a person found guilty of an offense and sentenced to a term of imprisonment unless the court finds by clear and convincing evidence that (1) the defendant is not likely to flee or pose a

4

1    danger to the community;[2] and (2) the defendant's appeal is not for the purpose of delay *and* raises

2    a substantial question of law or fact likely to result in a reversal or order for new trial. *See*

3    18 U.S.C. § 3134(b)(1)(A).

4        In enacting the Bail Reform Act of 1984, Congress sought to adopt stricter requirements for

5    a criminal defendant to receive release pending an appeal. *See e.g., United States v. Handy*, 761

6    F.2d 1279, 1283 (9th Cir. 1985) (recognizing that "the Bail Reform Act of 1984 makes it

7    considerably more difficult for a defendant to be released on bail pending appeal" and that the

8    burden has shifted "from the government to the defendant"); *United States v. Malquist*, 619 F.

9    Supp. 875, 878 (D. Mon. 1985) ("Section 3143(b) was enacted to check the trend toward

10    'liberalization' of the standard for allowing bail pending appeal."). Legislative history confirms that

11    a conviction is presumed to be correct and that the statute's purpose was to require "an affirmative

12    finding that the chance for reversal is substantial." S. Rep. No. 98-225, 98th Cong., 2d Sess. 27,

13    *reprinted in* 1984 U.S. Code Cong. & Ad. News 3182. Further, "[t]he legislative history indicates

14    that the statute, in essence, creates a presumption against post-conviction release." *Malquist*, 619 F.

15    Supp. at 878. Thus, a district court can release a defendant pending appeal *only* if the court finds

16    that the defendant's appeal raises substantial questions likely to result in a reversal or new trial. *Id*.

17        In reviewing the remaining issues pending in Whittemore's appeal, the court finds that his

18    appeal now fails to raise a substantial question likely to result in a reversal or a new trial. A

19    substantial question is one that is "fairly debatable." *United States vs. Handy,* 761, F.2d 1279, 1281

20    (9th Cir. 1985). Here, Whittemore's appeal raises several arguments that have already been

21    discounted by the court both at trial, and in several post-trial motions. Further, in addressing

22    Whittemore's motion for release, the court specifically found that it had already considered and

23    rejected the prospective appellate issues Whittemore raised. There are no new issues raised in his

24    appeal that would constitute a substantial question likely to result in either a reversal or an order for

25

26       [2] The government makes no challenge to the court's finding that Whittemore is not a flight risk or a danger to the community.

1   new trial. *See* 18 U.S.C. § 3143(b)(A)-(B). Therefore, the court finds that Whittemore is no longer

2   entitled to release pending his appeal.

3          In opposition, Whittemore contends that the government has failed to meet its burden for

4   reconsideration because it has failed to identify a "change in controlling law." *See* Doc. #236,

5   *relying on* FED. R. CIV. P. 59(e) (stating that a district court may reconsider a prior order where the

6   court is presented with newly discovered evidence, an intervening change of controlling law,

7   manifest injustice, or where the prior order was clearly erroneous.). Whittemore's contention that

8   the government has failed to identify a "change in controlling law," while technically correct as

9   *McCutcheon* did not effect the constitutionality of campaign contribution limits violated by

10  Whittemore, ignores the unusual circumstances of this case and under which the court granted his

11  motion for release pending appeal. Whittemore sought - and the court granted - his release

12  principally on the ground that there could soon be a change in controlling law, and that the

13  potentially imminent change in controlling law could undermine the validity of his criminal

14  convictions. However, that potential change in controlling law never occurred. Therefore, under the

15  unique circumstances under which the court granted Whittemore's motion, the court finds that the

16  government has met its burden for reconsideration. Accordingly, the court grants the government's

17  motion and revokes Whittemore's release status pending his appeal.

18

19         IT IS THEREFORE ORDERED that the government's motion for reconsideration

20  (Doc. #235) is GRANTED.  Defendant F. Harvey Whittemore shall self-surrender to the federal

21  correctional institution designated by the Bureau of Prisons by noon on August 6, 2014.

22         IT IS SO ORDERED.

23         DATED this 5th day of June, 2014.

24

25                                                          _____
                                                            LARRY R. HICKS
26                                                          UNITED STATES DISTRICT JUDGE